IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHON DARRELL COLEMAN,      *
# 246477,                  *
                           *
      Petitioner,          *
                           *
vs.                        *  CIVIL ACTION NO. 21-00318-JB-B
                           *
JOSEPH H. HEADLEY,         *
Warden III,                *
                           *
      Respondent.          *

## REPORT AND RECOMMENDATION

Petitioner Shon Darrell Coleman, an Alabama state prisoner who is proceeding *pro se* and is in the custody of Respondent, filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, along with a motion to proceed without prepayment of fees. (Docs. 1, 2). The petition has been referred to the undersigned Magistrate Judge for recommendation as to the appropriate disposition pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and S.D. Ala. GenLR 72(a)(2)(R). For the reasons set forth below, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 2241(d) and 1631.

Section 2254 authorizes a federal district court to entertain a petition for writ of habeas corpus filed by a person in custody

pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  When a § 2254 habeas petition is filed by a prisoner in a state, like Alabama, that has two or more federal judicial districts, "concurrent jurisdiction exists in both the district of confinement and the district in which the sentence was imposed."  Crenshaw v. Myers, 2018 U.S. Dist. LEXIS 32486, at *1-2, 2018 WL 1100905, at *1 (N.D. Ala. Jan. 23, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 32007, 2018 WL 1089755 (N.D. Ala. Feb. 28, 2018); see 28 U.S.C. § 2241(d).[1]

Coleman's habeas petition indicates that he is challenging a judgment of conviction entered by the Circuit Court of Covington County, Alabama, and that he is incarcerated at Ventress

_____

[1] Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Correctional Facility in Clayton, Barbour County, Alabama.  (Doc. 1 at 1-2, 12, 19-20).  Both Covington County and Barbour County are located within the Middle District of Alabama.  See 28 U.S.C. § 81(b)(1).  Because Coleman was not convicted or sentenced in the Southern District of Alabama and is not confined here, this Court lacks jurisdiction to consider his habeas petition.  See Dobard v. Johnson, 749 F.2d 1503, 1507 (11th Cir. 1985); Crenshaw, 2018 U.S. Dist. LEXIS 32486, at *2, 2018 WL 1100905, at *1; Crittenden v. Ala. Dep't of Corr., 2014 WL 1826626, at *2 (S.D. Ala. May 8, 2014).

Where a district court lacks jurisdiction to consider a § 2254 habeas petition, it may, in lieu of dismissing the case, transfer it, "if it is in the interest of justice," to a federal district court in which it could have been filed in the first instance.  See Dobard, 749 F.2d at 1507; 28 U.S.C. § 1631.  Thus, this Court is generally authorized to transfer this habeas action to the Middle District of Alabama, and the only remaining question is whether to transfer this action to the Middle District "in the interest of justice," or to dismiss it without prejudice for lack of jurisdiction.  Because Coleman is proceeding pro se and seeks habeas corpus relief, the undersigned submits that it would be in the interest of justice to transfer this case to the United States

District Court for the Middle District of Alabama.[2]  Accordingly,
the undersigned **RECOMMENDS** that this § 2254 habeas action be
**TRANSFERRED** to the Northern Division[3] of the United States District
Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§
2241(d) and 1631.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on
all parties in the manner provided by law.  Any party who objects
to this recommendation or anything in it must, within fourteen
(14) days of the date of service of this document, file specific
written objections with the Clerk of this Court.  See 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The
parties should note that under Eleventh Circuit Rule 3-1, "[a]
party failing to object to a magistrate judge's findings or
recommendations contained in a report and recommendation in
accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the
right to challenge on appeal the district court's order based on
unobjected-to factual and legal conclusions if the party was
informed of the time period for objecting and the consequences on

_____

[2] In recommending the transfer of Coleman's petition, the
undersigned expresses no opinion on the merits of his claims.  The
undersigned notes, however, that the habeas petition suggests that
Coleman may not have exhausted his state court remedies with
respect to his claims.  (See Doc. 1 at 3-5).

[3] The Middle District of Alabama's Northern Division includes both
Barbour County and Covington County.  See 28 U.S.C. § 81(b)(1).

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **13th** day of **August, 2021**.

    /s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE