IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SHON DARRELL COLEMAN,** **AIS 246477,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 2:21-cv-563-ECM-CWB ) (WO) |
| **JOSEPH H. HEADLEY, et al.,** | ) ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 by Shon Darrell Coleman ("Coleman"), an Alabama inmate proceeding *pro se*. (Doc. 1).[1] Coleman challenges the life sentence imposed on his 2019 conviction for intimidating a witness. As discussed below, the court recommends that Coleman's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.      Background**

In October 2019, a Covington County, Alabama jury found Coleman guilty of intimidating a witness in violation of Ala. Code § 13A-10-123 and of harassment in violation Ala. Code § 13A-11-8(a)(1)(b). (Doc. 13-3 at pp. 60-61). At the sentencing hearing, the trial court granted the State's motion to dismiss the harassment conviction and sentenced Coleman as a habitual felony offender to life in prison for the witness-intimidation conviction. (Doc. 13-1 at pp. 134-35; Doc. 13-3 at p. 66).

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page numbers affixed electronically by the CM/ECF filing system, which may not correspond to pagination on the copies as presented for filing.

1

Coleman appealed, arguing: (1) that there was insufficient evidence to sustain his conviction for witness intimidation; (2) that the trial court abused its discretion in admitting into evidence a Facebook message received by Officer Julian Alvarado; (3) that the trial court erred in denying his *Batson* challenge; and (4) that his life sentence amounted to cruel and unusual punishment because it was "grossly disproportionate" to the charged offense. (Doc. 13-4 at pp. 7-43). By unpublished memorandum opinion released on January 29, 2021, the Alabama Court of Criminal Appeals affirmed Coleman's conviction and sentence. (Doc. 13-6). Coleman applied for rehearing, which the Alabama Court of Criminal Appeals overruled on March 12, 2021. (Docs. 13-7 & 13-8). Coleman then petitioned the Alabama Supreme Court for a writ of certiorari, which was denied on May 14, 2021. (Docs. 13-9 & 13-10). A certificate of judgment was entered on that date. (Doc. 13-10).

In December 2019, while his direct appeal was pending, Coleman filed a petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 13-11). On December 31, 2019, the trial court dismissed Coleman's Rule 32 petition as having been improperly filed during the pendency of his direct appeal. (Doc. 13-12). Coleman did not appeal the dismissal. Coleman instead filed a second Rule 32 petition in January 2020 raising essentially the same grounds. (Doc. 13-14). In February 2020, the trial court dismissed Coleman's second Rule 32 petition as also having been improperly filed during the pendency of his direct appeal. (Doc. 13-15). Coleman did not appeal the second dismissal either.

Coleman subsequently initiated the present action on July 15, 2021 by filing a petition in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 2254. (Doc. 1). That court transferred Coleman's § 2254 petition to this court in August 2021 upon a

finding that it lacked jurisdiction but that this court did possess jurisdiction. (*See* Docs. 3 & 5).

In his § 2254 petition, Coleman asserts the following:

1. The trial court lacked jurisdiction to sentence him to life in prison because the State did not invoke the Alabama Habitual Felony Offender Act ("HFOA") before sentencing.

2. His life sentence exceeds the maximum authorized by law because the State failed to serve him with notice of its intent to seek a sentence under the HFOA.

(Doc. 1 at pp. 14-19).

## II.   Discussion

### A.   Exhaustion and Procedural Default

Respondents assert that Coleman's claims are procedurally defaulted because he did not timely exhaust them in state court. (Doc. 13 at pp. 6–10). The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A petitioner thus is required to have exhausted all available state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985). In particular, "[e]xhaustion requires that 'state prisoners … give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a habeas claim that challenges an Alabama state court conviction or sentence, a petitioner must first present the claim either through a direct appeal or a Rule 32 post-conviction petition and appeal therefrom. *See Smith v. Jones,* 256 F.3d 1135, 1140-41 (11th Cir. 2001). Thereafter, the petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for writ of certiorari in the Alabama Supreme Court. *Id*.; *see also* Ala. R. App. P. 39 &

40. However, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] … there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

      **B.**      **Exceptions to Procedural Default**

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or by establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).

Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the impediment worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

A colorable showing of actual innocence may provide a gateway to review of an otherwise procedurally barred claim. *See House v. Bell*, 547 U.S. 518, 538 (2006); *Frady*, 456 U.S. at 167-68. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "[This] standard is demanding and permits review

only in the 'extraordinary' case." *House*, 547 U.S. at 538.  Petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327. [2]

### C. Coleman's Unexhausted and Procedurally Defaulted Claims

Coleman presents two claims in his § 2254 petition: (1) that the trial court lacked jurisdiction to sentence him to life in prison because the State did not invoke the HFOA before his sentencing; and (2) that his life sentence exceeds the maximum authorized by law because the State failed to serve him with notice of its intent to seek a sentence under the HFOA. The record reflects, however, that Coleman never raised these claims in state court.  Because the direct-review process has long since concluded and the time for seeking relief under Rule 32 has long since expired, Coleman would be unable to litigate these claims in state court.  As a result, the unexhausted claims are procedurally defaulted.  *See Henderson*, 353 F.3d at 891.

Although given the opportunity to do so (*see* Doc. 14), Coleman has not asserted valid grounds as "cause" to excuse the procedural default.  At most, Coleman appears to argue that there is cause to excuse the default because, he says, his substantive claims are meritorious.  (Doc. 15 at pp. 3-5).  But that argument does not establish that some objective factor external to the defense

---

[2] The Supreme Court observed in *Schlup*:
> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. … To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

impeded his efforts to comply with the state's procedural rules. *See Murray*, 477 U.S. at 488. Coleman also appears to suggest that review of his claims is necessary to avoid a miscarriage of justice. (*See* Doc. 15 at pp. 2-3). But establishing a miscarriage of justice requires a colorable showing of actual innocence, *see Schlup*, 513 U.S. at 324-27, and Coleman neither asserts nor demonstrates his actual innocence on the offense for which he was convicted. Accordingly, Coleman's procedurally defaulted claims are not subject to federal habeas review.

### III.   Conclusion

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that Coleman's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is ORDERED that objections to this Recommendation by filed no later than March 9, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 23rd day of February 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**